Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Michael Marchand (SBN 281080)
mmarchand@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff Jesse Golden*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE GOLDEN, an individual<br><br>Plaintiff,<br><br>v.<br><br>LFP IP, LLC a Delaware Limited Liability Company dba HUSTLER HOLLYWOOD; and DOES 1-10, inclusive<br><br>Defendants. | CASE NO. CV<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **MISAPPROPRIATION OF PUBLICITY;**<br><br>2. **FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT [15 USC § 1125(a)]**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Jesse Golden complains and alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff files this action against Defendant for false designation of origin under the Lanham Act [15 USC § 1125(a)] and for misappropriation of publicity under California common law.

2. This Court has subject matter jurisdiction over the aforesaid Lanham Act and California common law claims pursuant to 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

3.	This Court has personal jurisdiction over Defendant because Defendant does business within this judicial district, the acts complained of occurred in this judicial district, and/or Defendant has certain minimum contacts with California such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

4.	Venue in the Central District of California is proper. The claims arose in this district, Plaintiff resides in this district, and Defendant is subject to personal jurisdiction within this district.

## THE PARTIES

5.	Plaintiff Jesse Golden ("Plaintiff") is an individual residing in the County of Los Angeles, California.

6.	Upon information and belief, Defendant LFP IP, LLC ("Defendant") is a limited liability company duly organized and existing under the laws of the State of Delaware with an office and principal place of business at 8484 Wilshire Boulevard, Suite 900, Beverly Hills, California, 90211.

7.	Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiff is informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

8.	Plaintiff is informed and believes, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.

Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Jesse Golden is an American businesswoman, model, actress, and fitness instructor. As a model, she has worked for many notable fashion brands and has appeared in dozens of commercials. As an actress, she has appeared in several roles, most notably the comedy film Land of the Lost (2009).

10. Plaintiff is informed an believes that Defendant created, published, released, and distributed advertisements (the "Advertisements") wherein Defendant used Ms. Golden's likeness without her permission in connection with the offering for sale of Defendant's goods and services.

11. Plaintiff is informed and believes that Defendant published the Advertisements in or around Spring, 2014, throughout the United States, including but not limited to the State of California. Defendant's publication of the Advertisements throughout the United States continues to this day.

12. Plaintiff is informed and believes that Defendant published the Advertisements for a commercial purpose.

13. Defendant has wrongfully utilized Plaintiff's name and identity and, therefore, damaged her right of publicity, her exclusive property rights and her personal rights in and to the use of her likeness.

## FIRST CLAIM FOR RELIEF

**(Misappropriation of Plaintiff's Right to Publicity Under Common Law)**

14. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

15. Defendant has, in creating, producing, distributing and selling the Advertisements, exploited, without Plaintiff's consent, Plaintiff's right to publicity.

More specifically, Defendant appropriated Plaintiff's right to publicity for the purpose of promoting, marketing, merchandising and exploiting its products and services.

16. Defendant's exploitation of Plaintiff's right to publicity has resulted in its commercial gain at the expense of Plaintiff's reputation and legal rights through the unauthorized misappropriation of her name and likeness.

17. Plaintiff has been damaged in that she has suffered a loss of her valuable property rights as a result of Defendant's misappropriation of her right to publicity.

18. As a proximate result of Defendant's actions, Plaintiff has suffered actual damages in an amount to be shown at trial.

19. Defendant's acts were willful, malicious and oppressive to the extent that Defendant acted in conscious disregard of Plaintiff's rights. Defendant failed to properly obtain approval relative to Defendant's use of the name and likeness of Plaintiff. Accordingly, Plaintiff will seek an award of punitive damages against Defendant for its wrongdoing, and to deter it from similar wrongdoing in the future.

20. In performing the acts herein alleged, Defendant has caused, and continues to cause, Plaintiff great and irreparable injury for which there is no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF

### (For False Designation of Origin Under 15 USC § 1125(a))

21. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

22. By promoting and causing the advertisements to be published and distributed in interstate commerce, Defendant has falsely represented to the public that its products and/or services are in some way authorized by, endorsed by, sponsored by, or associated with Plaintiff.

23. As a result, members of the public will be deceived and/or confused into believing that Defendant's products and/or services are authorized by, endorsed by, sponsored or associated with Plaintiff. Plaintiff has been harmed by Defendant's

unauthorized use of her name and identity, which is a valuable property right, as an apparent endorsement of Defendant's products.

24. By engaging in the wrongful conduct described herein and above, Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Because Defendant has engaged in the conduct described herein with fraudulent intent, this is an exceptional case which merits an award of treble damages and attorneys' fees against the Defendant.

25. Defendant's acts and conduct have caused and will continue to cause Plaintiff great and irreparable injury which cannot be adequately compensated or measured in damages. Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless Defendant is restrained and enjoined from continuing to engage in such wrongful conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in their favor and against Defendant as follows:

### ON THE FIRST CAUSE OF ACTION:

1. For actual damages
2. For punitive damages according to proof at trial;
3. For a temporary and permanent injunction restraining Defendant from any and all future exploitation of Plaintiff's name and likeness;
4. For costs of suit herein incurred; and
5. For such other and further relief as the Court may deem proper.

### ON THE SECOND CAUSE OF ACTION:

1. For actual damages
2. All profits earned by Defendant in connection with the exploitation of the photograph of Plaintiff according to proof at trial;

3. For a temporary and permanent injunction restraining Defendant from any and all future exploitation of Plaintiff's name and likeness;
4. For attorneys' fees;
5. For costs of suit herein incurred;
6. For treble damages; and
7. For such other and further relief as the Court may deem proper.

Dated: August 11, 2014            BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Michael Marchand
*Attorneys for Plaintiff Jesse Golden*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all claims in this litigation.

Dated: August 11, 2014            BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Michael Marchand
*Attorneys for Plaintiff Jesse Golden*