DARREN S. ENENSTEIN (SBN 195894)
Email: *dse@enensteinlaw.com*
TERI T. PHAM (SBN 193383)
Email: *tpham@enensteinlaw.com*
KIM A. BUI (SBN 274113)
Email: *kbui@enensteinlaw.com*
**ENENSTEIN RIBAKOFF LAVIÑA & PHAM**
233 Wilshire Blvd., Suite 400
Santa Monica, California 90401
Phone:  (310) 899-2070
Fax:      (310) 496-1930

Attorneys for Third-Party Defendant
LEG AVENUE INC.,
a California Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE GOLDEN, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>HH-ENTERTAINMENT, INC., a California Corporation dba HUSTLER HOLLYWOOD, and DOES 1-10, inclusive<br><br>　　　　　Defendants,<br><br>_____<br><br>HH-ENTERTAINMENT, INC., a California Corporation dba HUSTLER HOLLYWOOD,<br><br>　　　　　Third-Party Plaintiff,<br><br>　vs.<br><br>LEG AVENUE INC., a California Corporation,<br><br>　　　　　Third-Party Defendant, | Case No. CV14-06277-JAK(VBKx)<br><br>**COUNTERCLAIMS OF COUNTER-CLAIMANT/THIRD-PARTY DEFENDANT LEG AVENUE, INC. AGAINST COUNTER-DEFENDANT/PLAINTIFF JESSE GOLDEN FOR BREACH OF CONTRACT AND IMPLIED INDEMNITY OR, IN THE ALTERNATIVE, COMPARATIVE INDEMNITY**<br><br>**[DEMAND FOR JURY TRIAL]** |

| | |
|---|---|
| LEG AVENUE INC., a California Corporation, | ) ) ) |
| Counter-Claimant/Third-Party Defendant, | ) ) ) |
| vs. | ) ) |
| JESSE GOLDEN, an individual, | ) ) |
| Counter-Defendant/Plaintiff. | ) ) ) |

## COUNTERCLAIMS

Counter-Claimant and Third-Party Defendant Leg Avenue, Inc. ("Leg Avenue"), hereby complains and alleges against Counter-Defendant and Plaintiff Jesse Golden ("Golden") as follows:

## PARTIES

1.  Counter-Claimant Leg Avenue is a California corporation with its principal address located at 19601 East Walnut Drive South, City of Industry, California 90748.

2.  Counter-Defendant Golden is an individual residing in the County of Los Angeles, California.

## FACTUAL ALLEGATIONS

3.  Leg Avenue is informed and believes and thereon alleges that Golden is a model and actress.

4.  In or about October 5 and 6, 2011, Leg Avenue conducted a photo shoot during which time it obtained certain images and photos of Golden (the "Photos").

5.  In connection with the photo shoot, Golden executed a Model Release and Consent Form (the "Release") expressly assigning to Leg Avenue, "its legal representatives, successors, agents, assigns and all persons or corporations acting with its permission . . . without restriction, without further compensation to [Golden], and for any purpose whatsoever, the unrestricted rights to copyright, use, publish, sell, or distribute images of [Golden]". A true and correct copy of the Release is attached hereto as Exhibit A and is made a part of this pleading.

6.  In consideration for the Photos and Release, Golden was compensated $5,000.

7.  Leg Avenue thereafter sold and assigned all of its rights and interests in the Photos to HH-Entertainment, Inc., a California corporation dba Hustler Hollywood ("HH").

8.  Leg Avenue is informed and believes that HH thereafter did use one or more of the Photos in connection with its Summer Lovin' promotional campaign.

9.  On August 11, 2014, Golden filed a Complaint against HH (the "Underlying Action"), alleging that HH used one of the Photos in an advertisement without her permission.

10. On September 17, 2014, HH filed a Third-Party Complaint against Leg Avenue for indemnity.

11. Leg Avenue has at all times acted properly with respect to the rights and interests granted to it by Golden under the Release and in respect to the Photos.

12. By bringing the Underlying Action, Golden has breached the Release and caused damage to Leg Avenue.

13. Further, to the extent Leg Avenue is found liable for any injuries or damages sustained by HH, Leg Avenue is entitled to indemnity from Golden for such injuries or damages.

## COUNT I

(Breach of Contract)

14. Leg Avenue realleges and incorporates the allegations set forth in Paragraphs 1 through 13 as though set forth in full herein.

15. As set forth above, in exchange for valuable consideration, Golden executed the Release, expressly assigning to Leg Avenue, "its legal representatives, successors, agents, assigns and all persons or corporations acting with its permission . . . without restriction, without further compensation to [Golden], and for any purpose whatsoever, the unrestricted rights to copyright, use, publish, sell, or distribute [the Photos]".

16. Leg Avenue thereafter sold and assigned all of its rights and interests in the Photos to HH.

17. Leg Avenue has performed all obligations required of it under the Release.

18. At a minimum, Golden breached the terms of the Release by commencing the Underlying Action against Leg Avenue's assignee, HH.

19. As a direct and proximate result of Golden's breach, Leg Avenue has suffered damages in an amount to be proven at trial, including but not limited to all fees and costs incurred by Leg Avenue in connection with this action.

/ / /

/ / /

## COUNT II

(Implied Indemnity)

20. Leg Avenue realleges and incorporates the allegations set forth in Paragraphs 1 through 19 as though set forth in full herein.

21. If Leg Avenue is held liable and responsible to HH for damages as alleged in the Third-Party Complaint, it will be solely due to the conduct of Golden, as herein alleged.

22. Therefore, in the event that Leg Avenue is held liable to any extent at all on HH's Third-Party Complaint against it (which liability is expressly denied), Leg Avenue would thereupon be entitled to be fully indemnified by Golden for any and all damages, judgment, attorneys' fees, and related costs and expenses incurred in defending against the Third-Party Complaint and in the prosecution of this Counter-Complaint.

## THIRD CAUSE OF ACTION

(Comparative Indemnity)

23. Leg Avenue realleges and incorporates the allegations set forth in Paragraphs 1 through 20 as though set forth in full herein.

24. Leg Avenue contends that it is in no way legally responsible for the events giving rise to HH's causes of action in the Third-Party Complaint, or legally responsible in any other manner for the damages allegedly sustained by HH. However, if as a result of the matters alleged in the Third-Party Complaint, Leg Avenue is held liable for all or any part of the claim or damages asserted against it by HH, Golden, to the extent that her fault was a proximate cause of HH's damages and/or losses, is responsible for said damages and/or losses in proportion to Golden's comparative negligence and Leg Avenue is entitled to a determination of several liability.

/ / /
/ / /
/ / /
/ / /
/ / /

WHEREFORE, Leg Avenue prays for judgment in its favor and against Golden as follows:

1. For compensatory damages in an amount to be proven at trial;
2. For its reasonable costs and attorneys' fees; and
3. For such other and further relief as the Court deems appropriate.

DATED: November 14, 2014                ENENSTEIN RIBAKOFF LAVIÑA & PHAM

By: _____
DARREN S. ENENSTEIN, ESQ.
TERI T. PHAM, ESQ.
*Attorneys for Counter-Claimant*
*Leg Avenue, Inc.*

## DEMAND FOR JURY TRIAL

Under Rule 38(b) of the Federal Rules of Civil Procedure, Leg Avenue hereby demands a trial by jury as to all triable claims herein.

DATED: November 14, 2014                ENENSTEIN RIBAKOFF LAVIÑA & PHAM

By: _____
DARREN S. ENENSTEIN, ESQ.
TERI T. PHAM, ESQ.
*Attorneys for Counter-Claimant*
*Leg Avenue, Inc.*

United States District Court
Central District of California
Case No. CV14-06277-JAK(VBKx)

CERTIFICATE OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 400, Santa Monica, CA 90401.

On November 14, 2014, I served true copies of the foregoing document(s) described as: **COUNTERCLAIMS OF COUNTER-CLAIMANT/THIRD-PARTY DEFENDANT LEG AVENUE, INC. AGAINST COUNTER-DEFENDANT/PLAINTIFF JESSE GOLDEN FOR BREACH OF CONTRACT AND IMPLIED INDEMNITY OR, IN THE ALTERNATIVE, COMPARATIVE INDEMNITY**
on interested parties in this action as stated below:

| | |
|---|---|
| Brent H. Blakely | Mark S. Hoffman |
| Michael Marchand | Erika L. Mansky |
| **Blakely Law Group** | **Labowe Labowe and Hoffman LLP** |
| 1334 Parkview Avenue, Suite 280 | 1631 West Beverly Boulevard, Floor 2 |
| Manhattan Beach, CA 90266 | Los Angeles, CA 90026 |
| (Fax) 310-546-7401 | (Fax) 213-975-1145 |
| bblakely@blakelylawgroup.com | mshllh@aol.com |
| mmarchand@blakelylawgroup.com | emansky@llh-law.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant/Third Party Plaintiff HH-Entertainment, Inc.* |

Jonathan W. Brown
**Lipsitz Green Scime & Cambria LLP**
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
(Fax) 716-849-1315
jbrown@lglaw.com
*Attorneys for Defendant/Third Party Plaintiff HH-Entertainment, Inc.*

[X]  **VIA CM/ECF ELECTRONIC SERVICE**: I caused the document (s) to be sent to the person(s) at the electronic notification address(es) above through CM/ECF. No error was reported undeliverable.

Executed November 14, 2014, at Santa Monica, California. I declare under penalty of perjury that the foregoing is true and correct.

_____
FAY FAY YE